By the Court.—Speir, J.
The question presented by this appeal is whether the court has power to make the order appealed from.
The demurrer raised the point that a certain statute of this State has no operation on the high seas. It is not doubted that this case was difficult and extraordinary within the meaning of the Code. It received the most deliberate consideration, as appears from the able opinions which were delivered by both courts.
Although an additional allowance, when properly granted, becomes a part of the costs of the action awarded by the Code to the successful party (Commissioners of Pilots v. Spofford, 3 Hun, 57), it becomes a grave question whether it can be inferred that the court of appeals intended that an extra allowance should be included in the costs when a provision is made in its decision, that the defendant have leave to answer on payment of costs. This is not the final costs in the action, and is so determined by the court. The question then is presented, has the court the power to award an extra allowance in any case until the termination of the action. We have decided, this present term, that neither costs nor allowances can be awarded since the *63 adoption of the Code, unless authorized by law. The discretion to be exercised by the judges in the awarding of, and adjusting of costs and allowances must be limited and controlled by statutory authority. The cases are numerous which seem to justify an allowance when a plaintiff voluntarily submits to a nonsuit or discontinues after issue joined. A trial is not now a necessary element, when a defense has been interposed in a difficult and extraordinary case, nor is it deemed necessary that a judgment should be actually entered. The statute authorizes all these, and within the authority of the statute the courts may exercise their discretion. The test must be, that the action has terminated in such form that the successful party can lawfully claim the payment of the costs on such termination, and enforce their payment in any mode known to the practice. We know of no case, nor has any been furnished us, which does not come within this rule. If extra allowances can be made now, there can be no good reason why they should not again be allowed every time the court of last resort sends a case down for a new .trial upon similar terms, and even in the same case. There cannot be two extra allowances granted in- the same action, although the case may have been tried several times (Flynn v. Equitable Life Assurance Society, 18 Hun, 212). This furnishes a conclusive argument that extra allowances can only be made when the action is finally ended.
The order of the special term appealed from should be reversed, with costs.
Curtis, Ch. J., concurred.